IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IZMO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:25-cv-5566 |
| v. | ) | |
| | ) | |
| KENSUN INC. | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff IZMO, INC. ("*izmo*" or "*Plaintiff*") brings this suit against Defendant KENSUN INC ("*Defendant*"), and alleges as follows:

**PARTIES**

**1.** izmo is a Delaware corporation with its principal place of business in San Francisco, California.

**2.** Defendant is a corporation organized under the laws of New York with a place of business at 199 Lee Ave., PMB# 795, Brooklyn New York 11211. On information and belief, Defendant's PMB # is a private mailbox for a virtual office. Defendant has a website at www.kensun.com. Defendant's "Privacy Policy" on its website at https://kensun.com/pages/privacy-policy states that it is a company registered at the address of 199 Lee Ave, Brooklyn NY, 11211. On information and belief, Defendant has a place of business at 16-67 Chandler Drive, Fair Lawn, New Jersey, 07410-2710

**3.** izmo is informed and believes that Defendant has engaged in business in this District by, among other things, offering for sale and selling products in the state of Texas. Defendant has a website, www.kensun.com, that is highly interactive in nature, facilitating contractual

relationships, such as the purchase of Defendant's products, and the transmission of computer files and/or information over the internet in order for Defendant to make a sale of product to a customer. Defendant's website seeks interaction with potential customers by prompting potential customers to input information related to a product of interest, including automotive products. Defendant's website interacts with customers and provides information related to its products that a customer can place in a "cart" for purchase:



4. Defendant's website thereafter interacts with customers to provide a box of the customer's cart and further buttons for the customer to "CHECK OUT" to purchase Defendant's product:



5.      Defendant's customers are then able to "Check out" via Defendant's website by inputting the billing details and making a purchase via the "Pay now" button.

6.      Upon placing an order, Defendant's customers then receive an email from Defendant advising "Hi [name], we're getting your order ready to be shipped.  We will notify you when it has been sent."

7.      Defendant's customers interact with Defendant's website to enter into a transaction to purchase products of Defendant.

8.      Defendant advertises, distributes, and sells products throughout the United States placing such products in the stream of interstate commerce, including in the state of Texas.

## JURISDICTION AND VENUE

9.      This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

10.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331and 1338(a).

11.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a).

## FACTUAL ALLEGATIONS

12.     This action arises from Defendant's willful and unauthorized use of hundreds of izmo's copyrighted automotive images to promote and sell its products on its website.  izmo creates a wide collection of photographic images of automobiles and accessories at its studios in Santa Ana, California and Brussels, Belgium (the "Images"). It has created hundreds of thousands of images and registered the copyrights to those images with the United States Copyright Office and received Certificates of Copyright Registration for them. izmo spent substantial time, money and talent creating its studios and producing, developing, and marketing the Images.

13.     izmo licenses the Images to third parties for use on their websites and in their businesses. Potential customers of izmo may purchase licenses from izmo for use of the Images for certain

regions, media, purposes, and terms of use. The Images are original photographs of various vehicles, created by izmo. The Images reflect izmo's decisions about lighting, shading, angle, and background. They are thus copyrighted works under the Copyright Act of 1976.

14. izmo image library consists of model level coverage from 2002 forward for U.S. car models, and from 2008 forward for European car models.

15. izmo also syndicates its data to partners who display the listings on their websites. izmo's clients include automobile dealers, advertising, and marketing companies as well as major rental car companies including Hertz, Budget/Avis, Europcar, and Enterprise. With respect to rental car companies, izmo enters multi-year contracts providing its entire library of images so that the companies can use photographs that match the vehicles in their fleet. These license agreements carry substantial fees and establish terms intended to further protect izmo's intellectual property, including the following terms: (a) the images may be used on licensed domains only; (b) the images may not be altered, including name, copyright notice, except when expressly permitted; (c) the images must remain associated to the rental listing for which it is provided; and (d) the image is not permitted to be relicensed.

16. Defendant has in the past and continues to offer to sell and sells aftermarket products for a wide range of vehicles in the United States which are listed or otherwise identified or searchable on Defendant's website. In promoting its products, Defendants has utilized hundreds of photographs of vehicles on its website.

17. For certain of Defendant's product listings, Defendant included izmo's images in Defendant's listings on its website. izmo has discovered that Defendant used at least 354 of izmo's copyrighted images and is informed and believes and on that basis alleges that Defendant used additional copyrighted images without izmo's knowledge or consent.

**18.**　　In or around July 2024, izmo discovered that Defendant was displaying izmo's copyrighted images on Defendant's website.

**19.**　　Defendant was well-aware that these images belonged to izmo, were protected by copyright and only available for use if licensed from izmo at least as early as November 7, 2024. However, Defendant never entered into a licensing agreement with izmo. On or about November 7, 2024 izmo directed a letter to Defendant advising Defendant of its widespread infringement. Defendant failed to respond to izmo's November 7, 2024 letter. On or about July 10, 2025, izmo directed a letter to Defendant with regard to Defendant's infringement. Defendant failed to respond to izmo's July 10, 2025 letter. On or about August 22, 2025, izmo directed another letter to Defendant regarding its infringement. Defendant failed to respond to izmo's August 22, 2025 letter.

**20.**　　izmo is informed and believes and on that basis alleges that Defendant copied, reproduced, and used izmo's images for commercial purposes.

**21.**　　Attached hereto as Exhibit A and incorporated by reference as if fully set forth here is a list of Defendant's infringements that izmo has discovered. Exhibit A includes information related to:

　　a. izmo Registered Image File Name

　　b. izmo Image Copyright Registration Number

　　c. izmo Image Copyright Registration Date

　　d. Exemplary proof of Defendant's infringement

**22.**　　The copyrights for all images that are the subject of this Complaint were registered before July 2024 and, therefore, before izmo discovered Defendant's infringing activity.

**23.**　　Attached as Exhibit B is a copy of the Copyright Registrations owned by izmo that are identified in Exhibit A.

24. izmo owned the copyrights in all of the images included on Exhibit A at the time of the infringement and continues to own those copyrights today.

25. Defendant publicly and unlawfully reproduced and/or displayed the copyrighted images included on Exhibit A without izmo's authorization, consent, permission, license, and without compensation to izmo.

**CLAIM FOR RELIEF**

**CAUSE OF ACTION**
**(COPYRIGHT INFRINGEMENT)**

26. izmo repeats and realleges every allegation contained in Paragraphs 1- 25 as if fully set forth herein.

27. izmo is the owner of valid copyright registrations in the Images.

28. Without authorization, consent, permission, license, and/or compensation, Defendant publicly and unlawfully reproduced and/or displayed izmo's copyrighted images in violation of at least 17 U.S.C. §§ 106(1), (2) and (5) and 501 and thereby infringed izmo's copyrights.

29. Defendant's infringement includes, but is not limited to, at least the 354 images listed on Exhibit A. Defendant has infringed at least 354 of izmo's copyrighted images, in some instances using one or more of the izmo images on multiple occasions.

30. Each of the Images, including each of the 354 images listed on Exhibit A, is a separate work.

31. izmo is informed and believes and on that basis alleges that Defendant's infringement was willful, intentional, and/or reckless. Defendant was aware that izmo owned the Images and would permit use of them only pursuant to a license agreement and Defendant never entered into any such agreement with izmo and displayed and/or distributed izmo's photographs despite such knowledge.

32. izmo has been damaged by Defendant's conduct in an amount to be proven at trial.

33. izmo is entitled to recover actual damages suffered by it as a result of Defendant's infringement and profits of the Defendant attributable to Defendant's infringement pursuant to 17 U.S.C. § 504(b).

34. izmo is entitled to an award of statutory damages pursuant to 17 U.S.C. § 504(c).

35. izmo is entitled to an award of its costs incurred to enforce its copyrights, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

36. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to izmo unless enjoined by this Court. izmo has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, izmo is entitled to a permanent injunction prohibiting infringement of izmo's exclusive rights under copyright law.

## DEMAND FOR JURY TRIAL

37. Pursuant to Federal Rule of Civil Procedure Rule 38, izmo hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREAS izmo prays for relief as follows:

1. For an award, at izmo's election, pursuant to 17 U.S.C. § 504 of either (1) the actual damages suffered by izmo with respect to past infringement, plus any additional profits of Defendant that are attributable to the infringement that are not taken into account in computing actual damages; or (2) statutory damages as provided by Section 504(c) in an amount to be proven at trial.

2. For a finding that the infringement by Defendant was willful, and for an award to izmo, at its election, of statutory damages against Defendant for willfully committing infringement as provided by 17 U.S.C. § 504 in an amount to be proven at trial.

3.  For an order that Defendant account for all sales, revenues, costs and profits from its wrongful conduct and unauthorized use of izmo's copyrights, and that Defendant pay izmo damages in an amount to be proven at trial, but including Defendant's profits and actual damages suffered by izmo as a result of Defendant's wrongful acts;

4.  For an order pursuant to 17 U.S.C. § 502 permanently enjoining Defendant and its agents, servants, employees, and all other persons who are in active concert or participation with any of the aforementioned from publishing izmo's copyrighted images or any other work derivative of izmo's copyrighted images;

5.  For an award of izmo's attorneys' fees, expenses, and costs, pursuant to 17 U.S.C. § 505;

6.  For an award to izmo of pre- and post-judgment interest; and

7.  For an award to izmo of such other and further relief as the Court deems just and proper.

Dated: November 19, 2025                         */s/ John T. Polasek*
                                                                                       John T. Polasek
Texas Bar. No. 16088590
The Polasek Law Firm, PLLC
2401 Fountain View Dr., Suite 316
Houston, Texas 77057
Telephone: (832) 485-3580
ted@polaseklaw.com

*Attorney for Plaintiff*